Lawrence T. Buening, Jr. Executive Director Kansas Board of Healing Arts 235 S. Topeka Blvd. Topeka, Kansas 66603-3068
Dear Mr. Buening:
As executive director of the Kansas board of healing arts (board) you inquire whether the board is authorized to provide those holding a federal active license to practice medicine and surgery a license allowing them to provide gratuitous charitable health care services within the state of Kansas, without requiring the providers obtain liability insurance. See generally K.S.A. 1993 Supp. 48-3401 et seq. (licensees in military service).
You indicate that a physician is required to have an active license to practice in one or more states in order to obtain and keep his federal active license. 10 U.S.C. § 1094. The federal government defines an active state license as one that meets the most rigorous of the license requirements imposed by a state's statutes, such as continuing medical education requirements. Your question concerns the military physician who has a Kansas license to provide health care independently as a health care professional as required by 10 U.S.C. § 1094. At issue is whether he may practice as a charitable health care provider outside of his federal employment without obtaining professional liability insurance under the present licensing scheme.
Generally all resident health care providers are required to maintain professional liability insurance as a condition to rendering professional service. K.S.A. 40-3402, as amended by L. 1994, ch. 155, sec. 1. Specifically free from this requirement, however, are exempt licensees under the jurisdiction of the Kansas board of healing arts. See K.S.A.40-3402(f), as amended (a health care provider does not include any person holding an exempt license issued by the board of healing arts) and K.S.A. 1993 Supp. 65-2809, respectively. See also K.A.R. 100-10a-4-(3).
Generally, exempt licensure allows these licensees to practice as charitable health care providers without obtaining professional liability insurance. However, exempt licensure provisions do not require that the licensee maintain continuing medical education. K.S.A. 65-2809(f). For this reason the category of exempt licensure does not fulfill the federal "active state license" requirement. As a creature of statute the board may not create a licensure status different from or not authorized by statute. Pork Motel, Corp. v. Kansas Dept. of Health Environment,234 Kan. 374, 378 (1983). Thus, in our judgment the board is not authorized to create a licensure status that both exempts the military physicians from the liability insurance requirement and conforms to the federal government's definition of an active license. In order to resolve the problem the Kansas licensee must obtain licensure in another state, say by reciprocity. In the alternative, legislative changes are necessary in order to create a licensure status that fulfills the federal requirement. For example, K.S.A. 1993 Supp. 48-3802 and 48-3804 could be amended to require military licensees to meet all the statutory requirements of an active state license and to allow the provision of charitable health care services within the terms of the act.
Your second question is whether these licensees are covered by the Kansas tort claims act, K.S.A. 75-6102 et seq. We refer you to Attorney General Opinion No. 88-22 (copy enclosed) concluding, with qualification, that exempt licensees are covered by the tort claims act.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm